Ja Vonne M. Phillips, Esq. SBN 187474
Matthew B. Learned, Esq. SBN 255499
**McCarthy & Holthus, LLP**
1770 Fourth Avenue
San Diego, CA 92101
Phone (619) 685-4800
Fax (619) 685-4810

Attorney for: Secured Creditor,
OneWest Bank FSB, it assignees and/or successors

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re | Case No. 09-57528 E |
| Jaime Caudillo Juarez | DC No.: MBL-4307 |
| Debtor. | Chapter 13 |
| | **OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN** |
| | **341(a) Meeting of Creditors:**<br>Date: 10/20/2009<br>Time: 11:30 AM<br>Place: 280 S. First Street, Room 130<br>San Jose, CA |
| | **Confirmation Hearing:**<br>Date: 11/04/2009<br>Time: 09:50 AM<br>Ctrm: 3099<br>Place: 280 S. First Street<br>San Jose, CA |
| | Judge: Roger L. Efremsky |

1.     OneWest Bank FSB, its assignees and/or successors, ("Secured Creditor") in the above-entitled Bankruptcy proceeding, hereby submits the following Objections to Confirmation of the Chapter 13 Plan proposed by ("Debtor") Jaime Caudillo Juarez.

1.     This objecting Secured Creditor Services and is entitled to receive payments pursuant to a Promissory Note which matures on 3/1/2036 and is secured by a Deed of Trust on the subject property commonly known as 2100 Pulgas Avenue, East Palo Alto, CA 94303. As of 9/3/2009, the amount in default was $1,596.32, as described in the Proof of Claim filed by this Secured Creditor on or about 10/28/2009, incurred with respect to the default. **See Exhibit "1"**.

2.     The proposed Plan does not provide for pre-petition arrearages owed to Secured Creditor. To cure the pre-petition arrearages of $1,596.32 over the term of the Plan within 36 months, Secured Creditor must receive a minimum payment of $44.34 per month from the Debtor through the Plan. Although Debtor does not provide for payments to Secured Creditor, Debtor's Plan provides payments to the Trustee in the amount of $100.00 per month for 36 months. Debtor does not appear to have sufficient funds available to cure the arrears within 36 months and therefore the Plan is not feasible. A true and correct copy of Debtor's Schedules I and J are attached hereto as **Exhibit "2"**.

3.     Unless otherwise ordered, under 11 U.S.C. § 1326(a)(1), the Debtor shall commence making the payments proposed by the Plan within 30 days after the Petition is filed. The Plan must comply with all applicable provisions of 11 U.S.C. § 1325 to be confirmed. As such, the Plan cannot be confirmed.

## CONCLUSION

Any Chapter 13 Plan proposed by the Debtor must provide for and eliminate the Objections specified above in order to be reasonable and to comply with applicable provisions of the Bankruptcy Code. Secured Creditor respectfully requests that confirmation of the Chapter 13 Plan as proposed by the Debtor be denied, or in the alternative, be amended to provide for full payoff of the arrearages owed to Secured Creditor.

///

///

WHEREFORE, Secured Creditor prays as follows:

1. That confirmation of the Proposed Chapter 13 Plan be denied, or in the alternative, be amended to provide for full payoff of the arrearages owed to Secured Creditor within 60 months;

2. For attorneys' fees and costs herein,

3. For such other relief as this Court deems proper.

Respectfully submitted,

McCarthy & Holthus, LLP


By: /s/ Matthew B. Learned
    Matthew B. Learned, Esq.
    Attorney for Secured Creditor
    OneWest Bank FSB